IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KLAGER E. DRAKE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-427-C (BT) |
| | § | |
| M. AMCZYK, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. For the following reasons, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied, and that his complaint be dismissed based on sanctions imposed by the United States District Court for the Eastern District of Texas.

I.

Plaintiff Klager E. Drake, who is also known as Eric Drake, filed this *pro se* civil action against Defendants M. Amczyk, Rakhee P. Sharma, Pawan Sharma, 7-Eleven, Inc., the Texas Lottery Commission, and the Multi-State Lottery Commission.

This not Plaintiff's first foray into the federal courts; he has failed numerous federal cases. The Eastern District of Texas recently noted Plaintiff's

vexatious litigation practices and imposed sanctions against him. That court stated:

> Drake has a long history of vexatious litigation in the Eastern District of Texas and other districts across the United States and has been prohibited from proceeding *in forma pauperis* with any civil action in the Eastern District of Texas without first obtaining leave to proceed *in forma pauperis*. See *Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-CV-00318-MHS-CMC (No. 11). Respondents' Motion includes a list of cases filed by Drake over the last seven years that is more than a page in length, including the following cases in the Eastern District: *Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-318; *Eric Drake v. Travelers Casualty Insurance Co., et al.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-516; *Eric Drake v. Bank of America*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-515; *Eric Drake v. Mary Smith, et al.*, in the United States District Court for the Western District of Texas, Waco Division, Civil Action No. W-12-MC-152; *Eric Drake v. Wendell Withrow, et al.*, in the United States District Court, Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-303; *Eric Drake v. Mercedes Benz U.S.A.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:12-CV-00041; *Eric Drake v. Penske Truck Leasing Co., L.P., Navistar International Corp., and Gallagher Basset Services, Inc.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-00183; *Eric Drake v. Penske Truck Leasing Co., L.P.*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:12-CV-264; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-037; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-043; *In re Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, No. 4:16-MC-000371228.

*In re Eric Drake*, 2018 WL 912894, at *1 n.2 (E.D. Tex. Jan. 10, 2018), *rec. adopted*, 2018 WL 905560 (E.D. Tex. Feb. 15, 2018).

The Eastern District of Texas imposed the following sanctions against Plaintiff in 2012:

> Eric Drake is prohibited from proceeding *in forma pauperis* with any civil action in this court – whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court – unless he first obtains from a district judge of this court leave to proceed *in forma pauperis* in this court. If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Drake seeks, in writing, leave from a district judge of this court to proceed in this court.

*Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-cv-00318-MHS-CMC, Dkt. No. 11 at 6 (E.D. Tex. Mar. 16, 2012).

This Court routinely "honors sanctions imposed by other federal district courts in Texas." *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, 2008 WL 1970945, at*2 (N.D. Tex. May 5, 2008); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of a prisoner's federal action based on district court's policy of enforcing sanctions imposed by other federal courts in Texas). Based upon the sanctions previously imposed against Plaintiff, this Court concludes that his motion to proceed *in forma pauperis* should be denied, and he should not be permitted to pursue the instant action until he has complied with the sanction order requiring him to seek leave in writing from a district judge of this court to proceed *in forma pauperis* in this court.

3

### III.

The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice to Plaintiff's re-filing after he has complied with the sanction order.

Signed February 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).